# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUFFOLK SUPERIOR COURT
                                                DEPARTMENT
                                                MASSACHUSETTS TRIAL COURT
                                                C.A. No.

KAREN CALABRESE-KELLEY,

Plaintiff,

v.

TOWN OF BRAINTREE,

TOWN OF BRAINTREE POLICE
DEPARTMENT,

OFFICER JOHN P. MCNAMARA,            **COMPLAINT AND JURY DEMAND**

SERGEANT CHARLES F. BATA,

OFFICER DAVID J. CLARK, and

TOWN OF BRAINTREE POLICE
DISPATCHER, JANE DOE,

Defendants.

*Introduction*

1. This is an action brought pursuant to the Massachusetts Tort Claims Act, the Massachusetts Declaration of Rights, and 42 U.S.C. 1983, arising out of the unlawful arrest, detention, and prosecution of the Plaintiff by Town of Braintree Police Officers John P. McNamara and David J. Clark and Sergeant Charles F. Bata.

*Parties*

2. Plaintiff, Karen Calabrese-Kelley, is a Massachusetts resident with an address of 43 Bellaire Road, Suffolk County, West Roxbury, MA 02132.

3. The Town of Braintree is a municipality located at 1 John F. Kennedy Memorial Drive, Braintree, MA 02184.

4. The Defendant, Officer John P. McNamara, at all relevant times hereto was an officer employed by the Town of Braintree in the Police Department, and was acting under color of law in his official duties as an police officer for the town of Braintree.

5. The Defendant, Officer David J. Clark, # 118, at all relevant times hereto was an officer employed by the Town of Braintree in the Police Department, and was acting under color of law in his official duties as an police officer for the town of Braintree.

6. The Defendant, Sergeant Charles F. Bata, at all relevant times hereto was a Sergeant employed by the Town of Braintree in the Police Department, and was acting under color of law in his official duties as an police officer for the town of Braintree.

7. The Defendant, Jane Doe, the unnamed police dispatcher, at all relevant times hereto was a police dispatcher employed by the Town of Braintree in the Police Department, and was acting under color of law in her official duties as an police officer for the town of Braintree.

*Facts*

8. On or about Friday, February 21, 2014, the Plaintiff and her ex-husband, William Kelley, a Detective of the Boston Police Department, were to meet to exchange their children for visitation with Mr. Kelley. Mr. Kelley was to pick up his children at the Plaintiff's residence. Mr. Kelley failed to meet the time provided for in the parenting plan and alternate plans were set.

9. Due to scheduling issues the Plaintiff and Mr. Kelley agreed to meet at the K-Mart parking lot in Braintree, MA located at 350 Grossman Drive, Braintree, MA 02184.

10. At approximately 8:15 on or about Friday, February 21, 2014 Mr. Kelley arrived at the K-Mart parking lot to retrieve his children. The Plaintiff was already there waiting for Mr. Kelley.

11. In retrieving his children, Mr. Kelley refused to take hockey equipment necessary for his eldest daughter, minor child J.K., to attend hockey practice on Saturday, February 22, 2014.

12. The Plaintiff placed the hockey equipment to the side of Mr. Kelley's vehicle.

13. Mr. Kelley, did not want to take the hockey equipment, he menaced the Plaintiff, approached her with obscenities, then pushed the Plaintiff, causing the Plaintiff to fall to the ground and injure her knee.

14. The Plaintiff then called 911 to report the incident to the Town of Braintree Police Department.

15. Plaintiff reported to the Town of Braintree dispatcher that she was pushed by her husband and that she had injured her knee.

16. On information and belief, Mr. Kelley called 911 to report the incident to the Town of Braintree Police Department.

17. On information and belief, Mr. Kelley informed the Town of Braintree of his status as a detective for the Boston Police Department.

18. On information and belief, the dispatcher for the Town of Braintree informed the Officers dispatched to the scene of Mr. Kelley's status as an officer.

19. On information and belief, an off-line conversation between the dispatcher and the Defendant-Officers occurred.

20. On information and belief the police dispatcher did not file a report pursuant to the policies and procedures of the Town of Braintree.

21. Prior to reporting to the scene of the incident, the Defendant-Officers were aware of Mr. Kelley's status as an off-duty member of the Boston Police Department.

22. On information and belief, upon arriving at the scene, the Defendant-Officers did not follow procedures of the Town of Braintree, or the Commonwealth of Massachusetts Regulations, when responding to a call involving an officer of the law.

23. On information and belief, the Officers failed to properly document alleged injuries of Mr. Kelley. It was only on February 24, 2014 that Mr. Kelley's alleged injuries were documented.

24. Once at the scene, Defendant McNamara interviewed the Plaintiff regarding the incident. Plaintiff informed Defendant McNamara that she was menaced by Mr. Kelley while he screamed obscenities, pushed by Mr. Kelley, and that in being pushed she lost her balance. At no time did the Plaintiff state she swung the hockey stick to strike Mr. Kelley.

25. Plaintiff did not make a statement regarding using one or two hands on the hockey stick to hit Mr. Kelley.

26. Defendant Bata and Defendant Clark interviewed Mr. Kelley. Mr. Kelley claimed to have blocked the Plaintiff from his vehicle, which prompted the Plaintiff to swing the hockey stick at him. Mr. Kelley stated to the Defendants that he had pushed the Plaintiff.

27. On information and belief, Defendant Bata made the determination the Plaintiff would be arrested. There was no determination made as to Mr. Kelley.

28. The Plaintiff was arrested, restrained in her movements, placed into a police cruiser and transported to the Town of Braintree Police Department.

29. The Plaintiff was detained at the Town of Braintree Police Department for approximately three hours before she was released on bail. Plaintiff posted bail herself.

30. The Plaintiff was not made aware of her Miranda rights at the scene nor at the time of arrest.

31. Plaintiff was not made aware of her Miranda rights at the Town of Braintree Police Department as evidenced by her refusal to sign the Miranda acknowledgement form.

32. While detained, the Plaintiff was not offered a phone call as evidenced by her lack of signature on the phone call form.

33. While detained, the Plaintiff requested photographs of her injury be taken, however, the photographs were not taken while she was in custody, but only after the Plaintiff began to take her own pictures in the lobby of the Town of Braintree Police Department did the Defendant Clark relent and take pictures after her release.

34. The Plaintiff sought medical treatment for her injuries and emotional distress on Saturday, February 22, 2014. Plaintiff was prescribed medication to alleviate her mental and emotional distress and her physical injuries were documented.

*Statement of Claims*

### COUNT I – FALSE ARREST

35. Plaintiff re-avers and re-alleges each of the preceding paragraphs as if fully set forth herein.

36. Defendants Bata, Clark, and McNamara falsely arrested the Plaintiff without probable cause due to a negligently conducted investigation.

37. As a direct and proximate result of the false arrest, Plaintiff was deprived of her liberty and was caused mental pain and suffering, great humiliation, monetary and other damages.

### COUNT II – FALSE IMPRISONMENT

38. Plaintiff re-avers and re-alleges each of the preceding paragraphs as if fully set forth herein.

39. Plaintiff was arrested and detained by the Defendants, McNamara, Bata, and Clark.

40. The Defendant-Officers negligently investigated the incident by failing to follow procedures and policies directed at investigating incidents where off duty police officers are involved.

41. Defendant-Officers failed to credit non-testimonial facts tending to show Mr. Kelley was the perpetrator and the Plaintiff the victim.

42. Plaintiff was wrongfully arrested and detained for three hours.

43. As a direct and proximate result of being unlawfully detained, Plaintiff was deprived of her liberty, was caused physical and emotional distress and suffered monetary and other damages.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983

44. Plaintiff re-avers and re-alleges each of the preceding paragraphs as if fully set forth herein.

45. The conduct of the arresting officers, the dispatcher, and the booking officers, deprived the Plaintiff of Federal civil rights, including but not limited to the right to be free from unlawful seizures, the right to security of the person, and those rights delineated in the Miranda warnings.

46. As a direct and proximate result of the violations of Plaintiff's Federal civil rights, the Plaintiff was deprived of her liberty was caused physical and mental pain and suffering.

### COUNT IV – VIOLATION OF MASSACHUSETTS DECLARATION OF RIGHTS

47. Plaintiff re-avers and re-alleges each of the preceding paragraphs as if fully set forth herein.

48. The conduct of the arresting officers, the dispatcher, and the booking officers, deprived the Plaintiff of civil rights guaranteed by the Massachusetts Declaration of Rights, including but not limited to the right to be free from unlawful seizures, the right to security of the person, and those rights delineated in the Miranda warnings.

49. As a direct and proximate result of the violations of Plaintiff's civil rights guaranteed by the Massachusetts Declaration of Rights, the Plaintiff was deprived of her liberty and was caused physical and mental pain and suffering.

WHEREFORE, Plaintiff respectfully requests that this honorable court grant her judgment, jointly and severally against each of the Defendants, in such amount as is reasonable and just, plus such costs, attorney's fees, punitive damages, and interest as she is entitled by law.

## PLAINTIFF CLAIMS A JURY TRIAL ON ALL MATTERS SO TRIABLE

>Respectfully submitted,
>Karen Calabrese-Kelley, PLAINTIFF,
>By her attorney,
>
>*[signature]*
>
>Jeb S. Penka, BBO # 686069
>Cohen Law Group
>500 Commercial Street, Ste. 4R
>Boston, MA 02109
>(617) 523-4552
>jeb@cohen-law-group.com

Dated: February 17, 2017